IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KYLE MURBACH,** *Plaintiff*, v. **PAUL NAKASONE, General, United States Army Director, National Security Agency,** *Defendant.* | Civil No.: 1:22-cv-01308-JRR |

### MEMORANDUM OPINION

This matter comes before the court on Defendant's Motion to Dismiss. (ECF No. 55; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be denied.

I.  **BACKGROUND**[1]

The court incorporates the background set forth in its previous memorandum opinion at ECF No. 27. Plaintiff Kyle Murbach, who has bilateral and profound deafness, filed this action against Defendant Paul Nakasone, in his capacity as General, United States Army, Director, National Security Agency ("Defendant"). (ECF No. 1.) Plaintiff alleges that Defendant discriminated against him during his employment at the National Security Agency ("NSA" or "Agency") in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 and Title I of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12111. (ECF No. 1 at ¶¶ 29–36.)

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Relevant here, Plaintiff alleges that he exhausted his administrative remedies prior to filing suit. *Id.* ¶ 28. Following contact with an EEO Counselor (ECF No. 55-3), Plaintiff submitted a Formal Complaint of Discrimination (ECF No. 55-5) with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 5, 2018.[2] In Plaintiff's Formal Complaint of Discrimination, he asserted: "NSA has discriminated against me and failed to provide me with [reasonable accommodation] throughout my career in addition to [October 17, 2018] and up to today." *Id.* at p. 2. He later wrote:

> I am filing this formal complaint as a class complaint. The NSA has consistently failed to provide me, and other deaf and hard of hearing employees, with interpreting services. These failures have been especially prevalent in the Colorado division of the NSA, D64. In the month of November 2018 alone, approximately half of my requests – 11 of approximately 22 – for an interpreter were denied or unanswered. The remaining requests were covered through unacceptable Video Teleconferencing Calls ("VTC"). VTC was a useless form of accommodation due to the poor teleconference quality.

*Id.* at p. 6.

On March 24, 2020, an EEOC Administrative Judge directed the parties to engage in discovery related to class certification requirements. (ECF Nos. 55-2, 55-6.) The parties engaged in discovery over the course of the next year. Plaintiff then moved for class certification. On February 16, 2022, an EEOC Administrative Judge issued her decision, rejecting Plaintiff's class complaint. (ECF No. 55-2.) On February 28, 2022, the Agency then issued its Final Order, adopting the EEOC Administrative Judge's decision and notifying Plaintiff of his right to file suit

---

[2] While the court generally does not consider evidence outside of the Complaint when ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court will consider the exhibits here as integral to the Complaint and/or documents subject to judicial notice as set forth in its opinion at ECF No. 27. The only exhibit that was not offered in support of Defendant's prior motion to dismiss is the Agency's Final Order, which the court may consider for the same reasons set forth at ECF No. 27.

in court within 90 days of receipt. (ECF No. 55-6.) Plaintiff filed this action within 90 days. (ECF No. 1; the "Complaint.")

Plaintiff's Complaint sets forth one count for violation of the Rehabilitation Act and the ADA. *Id.* ¶¶ 29–36. Defendant moved to dismiss the Complaint, arguing that Plaintiff failed to state a plausible claim for relief under the Rehabilitation Act and that his class claims were inadequately pled. (ECF No. 14.) The court granted in part and denied in part the motion, allowing Plaintiff's Rehabilitation Act claim and class allegations to proceed. (ECF No. 27.) Defendant filed his Answer to Plaintiff's Complaint on August 11, 2023, and a scheduling order issued on January 4, 2024. (ECF Nos. 30, 32.)

Following nine months of discovery, Defendant filed the instant Motion on September 11, 2024. (ECF No. 55.) Discovery has now closed. (ECF No. 68.) Plaintiff has also informed the court that he will no longer be pursuing the present action as a class action. (ECF No. 74.)

## II.  **LEGAL STANDARD**

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual

3

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

## III. ANALYSIS

Almost two and a half years after Plaintiff initiated this action, Defendant moves to dismiss Plaintiff's individual allegations on the basis that he failed to exhaust his administrative remedies. In particular, Defendant contends both that this argument is timely raised and that Plaintiff failed to present his individual claim of discrimination to the Agency. (ECF No. 55-1 at pp. 5–8.) Plaintiff argues in opposition that Defendant's Motion is untimely, that he did present his individual claim to the Agency, and, even if he had not, this action is not improper because more than 180 days have passed since he raised his claims with the Agency. (ECF No. 59 at pp. 1–3.) Assuming without deciding that Defendant has timely raised the exhaustion argument,[3] the court finds Defendant's argument lacks merit.

---

[3] The court does note, however, that "an objection based on a mandatory claim-processing rule," like administrative exhaustion here, "may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Fort Bend Cnty.,*

"Rehabilitation Act claims 'must comply with the same administrative procedures that govern federal employee Title VII claims.'" *Stewart v. Iancu*, 912 F.3d 693, 698 (4th Cir. 2019) (qoting *Wilkinson v. Rumsfeld*, 100 F. App'x 155, 157 (4th Cir. 2004)). "Accordingly, a Rehabilitation Act plaintiff, like a Title VII plaintiff, 'must exhaust [his] administrative remedies by bringing a charge with the EEOC.'" *Stephens v. DeJoy*, No. 23-1674, 2024 WL 3859810, at *1 (4th Cir. Aug. 19, 2024) (quoting *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022)). Although the exhaustion requirement is not jurisdictional, "it is a necessary step in pursuing the claim in [c]ourt." *Jackson v. United States*, No. 8:22-cv-00772, 2022 WL 6754671, at *2 (D. Md. Oct. 11, 2022); *see Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 550 (2019) (holding that "Title VII's charge-filing requirement is not of jurisdictional cast"). "Requiring exhaustion of administrative remedies serves twin objectives: protecting agency authority in the administrative process and 'promot[ing] efficiency' in the resolution of claims." *Stewart*, 912 F.3d at 699 (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). The exhaustion requirement is not "simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, it "serves a vital function in the process of remedying an unlawful employment practice." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013).

As an initial matter, Defendant cites no statute, regulation, or caselaw to support his position that where a plaintiff files a class complaint with the EEOC, he has failed to exhaust his individual claims. That notwithstanding, Defendant's argument is unavailing when considering the allegations in Plaintiff's Formal Complaint of Discrimination. While it is true that, as

---

*Texas v. Davis*, 587 U.S. 541, 549 (2019). As discussed above, Defendant failed to raise this argument for over two years. He did not raise this argument in his initial motion to dismiss; he did not assert failure to exhaust as an affirmative defense in his Answer; and in fact, he admitted Plaintiff's allegation as to exhaustion. (ECF No. 1 ¶ 28; ECF No. 30 ¶ 28.) In any event, the court will assume without deciding the Motion is timely as set forth above.

Defendant states, Plaintiff represented that he was "filing this Complaint as a class complaint," he also included allegations related to his individual claims, including that NSA discriminated against him by failing to provide him reasonable accommodation, that his requests for reasonable accommodation were denied, and that VTC was not an acceptable accommodation. (ECF No. 55-5.)

Again, while Defendant did not offer caselaw in support of his argument, based on a review of relevant authority, the court concludes Defendant's position is unsupported. As discussed above, 29 C.F.R. § 1614.408 governs the filing of civil actions following administrative complaints; it provides, *inter alia*, that "[a] complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under," relevant here, the Rehabilitation Act "to file a civil action . . . ."

> (a) Within 90 days of receipt of the agency final action on an individual or class complaint;
>
> (b) After 180 days from the date of filing an individual or class complaint if agency final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407(a)–(d). "An agent of the class is a class member who acts for the class during the processing of the class complaint." 29 C.F.R. § 1614.204(a)(3).

In *Monreal v. Potter*, the Tenth Circuit held that the plaintiffs who were "agent[s] who ha[ve] filed a class complaint, . . . were permitted to assert their individual claims" in the civil case before it. 367 F.3d 1224, 1232 (10th Cir. 2004). In that case, as here, the defendant argued that

6

"as agents of a class, Plaintiffs were permitted to file a civil action alleging *class* claims only," arguing that "[*i*]*ndividual* claims . . . must have been presented separately . . . in individual complaints and exhausted before they could be presented in a civil action." *Id.* at 1233. The Tenth Circuit concluded that argument lacked merit, because "the regulations expressly contemplate the filing and processing of individual claims through a class administrative complaint," *id.* (citing 29 C.F.R. § 1614.204(l)(2)), and "[t]he policy of judicial efficiency also favors Plaintiffs" because "[r]equiring class agents to file both a class complaint and separate individual complaints would be a waste of time when all allegations can be presented together in a class complaint," and "could create conflicting deadlines for filing a civil action such that all the deadlines could not be satisfied." *Id.* The Tenth Circuit thus concluded that the plaintiff had "exhausted their individual claims through presentation in the class complaint." *Id.* at 1234; *see also Hairston v. Donahoe*, No. CV 10-5417 SVW (SSX), 2012 WL 13005442, at *3 (C.D. Cal. Jan. 19, 2012) (recognizing that the plaintiff had satisfied the applicable exhaustion requirements with respect to the class complaint).

Here, where the court is obliged to draw all reasonable inferences in Plaintiff's favor, the court finds the Tenth Circuit's reasoning persuasive. As the *Monreal* court recognized, the regulation regarding suit filing contemplates exhaustion by an "agent who has filed a class complaint," like Plaintiff here. The Agency's consideration of the class complaint encompassed Plaintiff's individual allegations—although the Agency does not appear to have reached the merits of such allegations. Stated differently, Plaintiff's individual allegations were patent and clear in the class complaint; the Agency was certainly aware of same. Defendant's suggestion that exhaustion did not occur because the Agency engaged solely in class discovery and did not investigate whether the Agency discriminated against Plaintiff is unpersuasive. Indeed, it seems

7

highly unlikely that class discovery (which lasted more than a year) would not have included allegations of Plaintiff as an agent of the class. In all, concluding that Plaintiff exhausted his individual claims by the filing of his class complaint does not itself appear contrary to the goals served by exhaustion given that Plaintiff plainly notified the Agency of the alleged violation as to him as an individual and his action did not impair the EEOC's efficiency in the resolution of his claim. *See Stewart*, 912 F.3d at 699, *supra*.

### IV.    **CONCLUSION**

For the reasons set forth herein, by separate order, Defendant's Motion (ECF No. 55) will be denied.

May 7, 2025                                                                                              /S/

                                                                                                  _____
                                                                                                  Julie R. Rubin
                                                                                                  United States District Judge